IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
|    Plaintiff, § | |
| § | |
| v. § | Cr. No. C-10-502-2 |
| § | (Ca. No. C-14-11) |
| ABRAHAM GERMAN MARTINEZ, § | |
| § | |
|    Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Abraham German Martinez' ("Martinez") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 41. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (§ 2255 Rules).

**I.  PROCEDURAL BACKGROUND**

Martinez and his brothers, Jacob Martinez ("Jacob") and AG, were traveling north on a bus that was stopped at the Sarita, Texas Border Patrol checkpoint for immigration checks. D.E. 1. A drug dog alerted to the passenger compartment of the bus from outside the bus. Id. The passengers disembarked while the dog inspected the bus's interior. Id. Agents observing the three young men noticed that they displayed signs of extreme nervousness and questioned them while the passengers were waiting to re-board the bus. Id. Because of their nervous demeanor, agents patted the three down and discovered that they each had bundles taped to their bodies. Id. They were escorted inside

the checkpoint, and the bundles were removed and were field tested. The substance in the bundles tested positive for cocaine and methamphetamine. Id. Martinez was in possession of one bundle of methamphetamine and two bundles of cocaine, Jacob had three bundles of methamphetamine and one bundle of cocaine, and their minor brother, AM, was in possession of seven bundles of methamphetamine. Id. All three were placed under arrest and read their Miranda rights. Only Martinez was willing to give a statement. Id. He admitted he was approached by an unknown man in Matamoros, Mexico who offered the three men money to transport drugs to Houston. They agreed and met with the unknown man, who took them to a location where the drugs were strapped to their bodies. Id. Once agents determined that AM was a juvenile, he was turned over to state authorities in Kenedy County, along with the drugs found on him. Later, Martinez stated it was Jacob who made the initial arrangements. Id.

Martinez made his initial appearance in federal court the day after his arrest and was appointed counsel a few days later. D.E. 2, 7. He and Jacob were indicted in a four-count indictment that charged them with conspiracy to possess with intent to distribute more than 500 grams (approximately 1.95 kilograms) of methamphetamine and more than 500 grams (approximately 972.6 grams) of cocaine along with possession with intent to distribute the same quantities of these drugs. D.E. 10. He was arraigned three weeks later. Minute Entry June 17, 2010.[1] In July, Martinez pled guilty pursuant to a plea agreement with the government. D.E. 25, Minute Entry July 19, 2010.

The United States Probation Office prepared a Presentence Investigation Report (PSR). D.E. 33. The total amount of methamphetamine, including that possessed by the minor, AM, was 3,047.5 grams, and the total combined weight of the cocaine was 972.6 grams. D.E. 33 at ¶¶ 8, 9. The base

---

[1] Arraignment was delayed at defendant's request initially and for medical reasons. See D.E. 12, 18, Minute Entry June 2, 2010, Minute Entry June 15, 2010.

offense level for Martinez was 38 based on the combined drug quantity. Id. at ¶ 14. Two levels were added because the offense involved the importation of methamphetamine. Id. at ¶ 2. After credit for acceptance of responsibility, Martinez' total offense level was 37. Id. at ¶¶ 19-23.

Martinez was 18 years old at the time of the present offense. D.E. 33 at ¶ 57. He was previously convicted of felony deadly conduct, burglary of a motor vehicle, and criminal trespass. His current offense occurred within two years of his release from custody following his conviction of burglary of a motor vehicle. His criminal history points totaled 5, resulting in a criminal history category of III. Id. at ¶¶ 24-30. His guideline range was calculated to be 262-327 months with a statutory minimum sentence of 10 years. Id. at ¶¶ 40-41.

At sentencing, the Court adopted the PSR without changes, but on motion by defense counsel, the Court downwardly departed to the statutory minimum sentence of 120 months, due to Martinez' age, illiteracy, and learning disabilities that were caused by serious illness when he was an infant, and due to his minor sibling's probated 10-year sentence in state court. See id. at ¶ 57, D.E. 39, 40. Martinez was also sentenced to five years supervised release. D.E. 39. Martinez was advised of his right to appeal. Minute Entry October 19, 2010.

Judgment was entered on October 26, 2010. Martinez did not appeal. His present motion is dated January 4, 2014 and was received by the Clerk on January 10, 2014. D.E. 42.

## II.  MOVANT'S CLAIMS

Martinez challenges his sentence and seeks resentencing pursuant to Alleyne v. United States, — U.S. —, 133 S.Ct. 2151 (2013). He claims that his sentence was improper pursuant to Alleyne. He also claims that United States v. Pepper allows this Court to consider his post-sentencing rehabilitation. — U.S. —, 131 S.Ct. 1229 (2011). Finally, Martinez requests that he be

sentenced pursuant to SB 1414, the Smarter Sentencing Act, which is currently pending before the United States Senate.

### III.  ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**B.    Statute of Limitations § 2255**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255(f). The Fifth Circuit and

---

[2]  The statute provides that the limitations period shall run from the latest of:

>   (1) the date on which the judgment of conviction becomes final;
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Because Martinez did not appeal, his conviction became final on the last day to file a timely notice of appeal, 14 days after the judgment was entered on the docket. Fed. R. App. P. 4(b). His notice of appeal was due on November 9, 2010. His § 2255 motion should have been filed on or before November 9, 2011. Martinez did not file his § 2255 motion until January 4, 2014, over 2 years past the one year deadline. His § 2255 motion is therefore time barred unless an exception applies.

Subsection 2255(f)(3) provides an alternative date for limitations, "(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of– . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id.

Martinez claims that because Alleyne was decided this year, his motion is timely. For § 2255(f)(3) to apply, the Supreme Court must have specifically held that a newly recognized right applies retroactively to cases on collateral review. Tyler v. Cain, 533 U.S. 656, 662–63 (2001).

Alleyne was decided on direct appeal. The Supreme Court has not declared that the Alleyne rule applies retroactively on collateral review. See In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); see also In re Payne, — F.3d —, 2013 WL 5200425 (10th Cir. 2013) (agreeing with the Seventh Circuit in Simpson); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); Clinton v. Young, 2013 WL 5233712 (W.D. La. Sept.16, 2013); United States v. Cantu-Rivera, 2013 WL 3873281

5

(S.D. Tex., July 24, 2013). As a result of <u>Alleyne's</u> lack of retroactivity, Martinez' § 2255 motion is untimely.

Because Martinez has not established that his filing is timely or an exception to the one-year general statute of limitations applies, his motion to vacate, set aside, or correct sentence must be denied, and this Court will not consider his remaining grounds for relief.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Martinez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253©) requires an overview of the claims in the habeas petition and a general assessment of their merits."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

The Court finds that Martinez cannot establish at least one of the <u>Slack</u> criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

6

For the foregoing reasons, Martinez's motion (D.E. 41) is **DENIED** as untimely and dismissed pursuant to Rule 4(b). Additionally, Martinez is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 27th day of January, 2014.

                                            JOHN D. RAINEY
                                            SENIOR U.S. DISTRICT JUDGE